UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTHONY ISAAC WILLIAMS,           Civil No. 11-363 (DSD/JSM)

    Petitioner,

v.                                  **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,

    Respondent.

This matter is before the undersigned United States Magistrate Judge on petitioner's application for a writ of habeas, (Docket No. 1), which is brought under 28 U.S.C. § 2241. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

In June 2007, petitioner was indicted in this district for allegedly violating the federal criminal statutes that govern the possession of firearms. United States v. Williams, Crim. No. 07-111 (MJD/JSM). In February 2008, petitioner entered a guilty plea in that case, and he was thereby convicted of being a felon in possession of a firearm. Later that month, (February 2008), petitioner was sentenced to 150 months in federal prison. Id. He is

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

presently serving his sentence at the Federal Correctional Institution – Beckley, ("FCI-Beckley"), which is located in Beaver, West Virginia.

Petitioner did not file a direct appeal following his conviction and sentence. Id. Furthermore, it appears that he has never filed any post-conviction motions in the trial court under 28 U.S.C. § 2255, or otherwise. Id.

Petitioner commenced the present action by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. He is attempting to challenge the legality of his 2008 criminal conviction and sentence on several grounds, including ineffective assistance of counsel and lack of jurisdiction. The Court finds, however, that petitioner's habeas corpus petition cannot be entertained in this district.

## II.     DISCUSSION

A federal district court cannot entertain a habeas corpus petition if neither the petitioner nor his custodian is located within the court's geographical boundaries when the petition is filed. See United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court"). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976).

In this case, neither petitioner nor his custodian, the Warden at FCI-Beckley, is presently located in Minnesota. Therefore, the Minnesota District Court cannot exercise jurisdiction in this matter, and petitioner's current habeas corpus claims cannot be addressed on the merits in this case. United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987). See also Monteer, supra.

The Court must next consider whether this action should be dismissed, or whether it should be transferred to the district in which petitioner and his custodian are presently located – namely the Southern District of West Virginia, where FCI-Beckley is located. Under different circumstances this matter might be transferred to the district where petitioner is confined, pursuant to 28 U.S.C. § 1631, ("Transfer to Cure Want of Jurisdiction"). That will not be done here, however, for two reasons.

First, the Court notes that the Clerk of Court previously declined to file petitioner's current habeas corpus petition, because it was impossible to determine how it should be construed. At that time, the petition was returned with a cover letter from the Clerk's Office, which pointed out to petitioner that § 2241 habeas petitions normally must be filed in the district where the petitioner is incarcerated. However, petitioner disregarded that information, and resubmitted his habeas corpus petition to this Court. It is therefore obvious that petitioner has deliberately chosen to file his petition in this district, rather than in the district where he is confined. Although petitioner's choice of forum was erroneous, the Court will not override it <u>sua sponte</u>.

Furthermore, it is doubtful that petitioner's current claims for relief could properly be entertained in a § 2241 habeas corpus petition, even if his petition were filed in the proper district, (i.e., the district where he is confined). Normally, a federal prisoner cannot collaterally attack his conviction or sentence in a § 2241 habeas corpus petition, regardless of where the petition is filed. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." <u>Hill v. Morrison</u>, 349 F.3d 1089, 1091 (8th Cir. 2003). This rule comes from 28 U.S.C. § 2255(e), which provides that:

3

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

In this case, petitioner is clearly trying to overturn his federal criminal conviction and sentence. His present § 2241 habeas petition is therefore barred by § 2255's exclusive remedy rule. Because petitioner's current claims for relief can only be raised and addressed in a § 2255 proceeding, it would serve no useful purpose to transfer his current § 2241 habeas petition to the district where he is confined.[2]

The Court has also considered whether petitioner's § 2241 habeas corpus petition should be construed to be a § 2255 motion, and then addressed by the trial court judge

---

[2] The Court recognizes that a prisoner can challenge his conviction or sentence in a § 2241 habeas petition, if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). However, petitioner has made no effort to show that this exception is applicable here, and the Court finds no reason to believe that his case could fit within the exception. If petitioner disagrees, he still can try to file a § 2241 habeas corpus petition in the proper district, (i.e., the district in which he is now confined), but based on the present record, it appears to this Court that such an action would be futile.

who convicted and sentenced petitioner. However, that also would not be appropriate for two reasons. First, it appears that petitioner has deliberately eschewed the remedy provided by § 2255, and the Court will accept that decision. Second, it appears that it is now too late for petitioner to seek relief under § 2255.

Section 2255(f) prescribes a one-year statute of limitations for § 2255 motions, which normally begins when the judgment of conviction becomes final. In this case, petitioner did not file a direct appeal, so his judgment of conviction became final upon the expiration of the deadline for filing an appeal. See United States v. Sauceda, Crim. No. 02-213(1) (RHK/AJB), (D.Minn. 2005), 2005 WL 2885519, at *1 ("Defendant did not file a direct appeal, so his judgment of conviction became final, for purposes of the one-year statute of limitations, at the expiration of the deadline for filing such an appeal"). The deadline for filing a direct appeal in a federal criminal case expires 14 days after the final judgment is entered in the District Court. Fed. R. App. P. 4(b)(1)(A)(I). Thus, it appears that the judgment of conviction in petitioner's case became final, for purposes of § 2255(f), on or about March 14, 2008, (14 days after entry of the final sentencing judgment). This means that the one-year limitations period for filing a § 2255 motion must have expired on or about March 14, 2009. Because the § 2255 statute of limitations apparently expired almost two years ago, it would seem to be too late for petitioner to now be seeking relief by means of a § 2255 motion. Therefore, the Court will not recommend that the current petition be construed to be a § 2255 motion and transferred to the trial court judge who presided over petitioner's original criminal case in this District.

### III.   CONCLUSION

In sum, the Court finds that petitioner's current application for habeas corpus relief under § 2241 cannot be brought in this district because neither petitioner, nor his custodian,

5

is currently located in this district. The Court further finds that this action should not be transferred to the district where petitioner is now confined, because (a) it appears that petitioner deliberately chose not to file his petition in that district, and (b) petitioner is challenging his original conviction and sentence, and such challenges normally can be raised only in a § 2255 motion filed in the trial court. Furthermore, the current petition should not be construed to be a § 2255 motion, and then transferred to the original trial court judge, because (a) it appears that petitioner deliberately chose not to present his current claims for relief in a § 2255 motion, and (b) it appears to be far too late for petitioner to seek relief under § 2255 in any event.

Thus, the Court will <u>not</u> recommend that this action be transferred to another district or treated as a § 2255 motion, but the Court will instead recommend that the action be summarily dismissed for lack of jurisdiction. <u>See</u> <u>Monteer</u>, 556 F.2d at 881 (district court would lack jurisdiction over § 2241 habeas petition filed by a prisoner confined in a different district).[3]

Having determined that this action should be dismissed for lack of jurisdiction, the Court will further recommend that petitioner's pending application to proceed <u>in forma pauperis</u>, (Docket No. 2), be summarily denied.

---

[3] The dismissal of this action, by itself, should not preclude petitioner from seeking relief in a subsequent § 2241 habeas corpus petition filed in the proper district, or in a subsequent § 2255 motion filed in the trial court. However, it does not appear that either of those two avenues will provide a viable means for petitioner to challenge his 2008 conviction and sentence. The proper procedure for bringing such a challenge would have been a direct appeal, or (perhaps) a § 2255 motion. However, it probably is too late for petitioner to pursue either of those procedures now.

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

2.   Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3.   This action be summarily DISMISSED for lack of jurisdiction.


Dated:   February 17, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 4, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.